UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SWANSON,          ) | |
|                           ) | |
|    Plaintiff,     ) | |
|                           ) | Civil Action No.  24-01876 (UNA) |
| v.                        ) | |
|                           ) | |
| DENIS MCDONOUGH,          ) | |
|                           ) | |
|    Defendant.     ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has brought a complaint against U.S. Secretary of Veterans Affairs Denis McDonough in his official capacity, Dkt. 1 at 2, and an application to proceed *in forma pauperis*, Dkt. 2.  The Court will grant the application and dismiss the case.

Plaintiff, a resident of Salem, Oregon, alleges that "for 11 years and counting," the Department of Veterans Affairs has "used DECEPTIONS" to deny benefits to him.  Compl. at 4 (Statement of Claim). After Plaintiff "joined rumble.com and [did] videos EXPOSING the deceptive frauds[,] [the] veteran benefits page on 'x' " blocked him from his "continued exposure videos of the frauds" on June 16, 2024.  *Id*.  Plaintiff "want[s] the court to convict the violation of this U.S. Marine's constitutional rights, freedom of speech/expression" and seeks $300,000,000 for his "pain and suffering, emotional distress, depression, mental anguish [and] loss of sleep." *Id*. at 5.

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted).  It is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*.  The party's failure to

plead facts that bring the suit within the court's jurisdiction warrants dismissal of the case. Fed. R. Civ. P. 8(a), 12(h)(3).

The United States may be sued only upon consent, *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States' immunity extends to federal agencies, officers, and employees acting in their official capacities. *Zaidan v. Trump*, 317 F. Supp. 3d 8, 21 (D.D.C. 2018) (citing cases). A waiver of immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996); *see, e.g.,* 38 U.S.C. §§ 511, 7252, 7292 (conferring exclusive jurisdiction over veterans' benefit determinations in the Court of Appeals for Veterans Claims subject to review by the U.S. Court of Appeals for the Federal Circuit).

Congress has not waived the United States' immunity for Plaintiff's hint of a constitutional claim. *See* Compl. at 5; *cf. Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994). Congress has waived, via the Federal Tort Claims Act (FTCA), the government's immunity for certain acts committed by federal employees. *See* 28 U.S.C. §§ 1346(b)(1), 2674, 2679-80. Before filing a lawsuit, however, an FTCA claimant must exhaust his administrative remedies by presenting the claim to the appropriate federal agency and obtaining a final written denial of the claim. 28 U.S.C. § 2675(a). If an agency fails to render a decision within six months after the claim is submitted, the claimant may proceed to court "any time thereafter" on what is "deemed" to be "a final denial." *Id*.

Nothing suggests that Plaintiff pursued, much less exhausted, his administrative remedies under the FTCA, and in this circuit, the FTCA's presentment requirement is "jurisdictional." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (citing *McNeil v. United States*, 508

U.S. 106, 113 (1993)); *Norton v. United States*, 530 F. Supp. 3d 1, 6-7 (D.D.C. 2021) (collecting cases). Consequently, this case will be dismissed by separate order.

_____
DABNEY L. FRIEDRICH
United States District Judge

Dated: September 9, 2024